NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BIOMET ORTHOPEDICS, LLC,**
**BIOMET MANUFACTURING, LLC,**
*Appellants*

**v.**

**PUGET BIOVENTURES, LLC, FORMERLY**
**HUDSON SURGICAL DESIGN, INC.,**
*Appellee*

---

2015-1468

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/001,469.

---

Decided: January 14, 2016

---

DOUGLAS SALYERS, Troutman Sanders LLP, Atlanta, GA, argued for appellants. Also represented by PAUL E. MCGOWAN, DUSTIN B. WEEKS.

BRAD PEDERSEN, Patterson Thuente Pedersen, P.A., Minneapolis, MN, argued for appellee. Also represented by CHAD J. WICKMAN.

---

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges.*

MOORE, *Circuit Judge.*

Biomet Orthopedics, LLC ("Biomet") appeals the decision of the Patent Trial and Appeal Board ("Board") that reversed the examiner's rejection of two sets of claims of U.S. Patent No. 7,344,541 in an *inter partes* reexamination. As explained below, we *vacate* the Board's decision with respect to claims 31, 33, 39, 40, 45, 47, 53, and 54 ("Amended Claims") and *affirm* as to claims 35–38 and 49–52 ("Unamended Claims").

## BACKGROUND

Puget Bioventures, LLC, formerly known as Hudson Surgical Design, Inc. ("Hudson"), brought suit against Biomet in 2010 alleging infringement of the '541 patent, which is directed to methods and apparatus used in total knee replacement surgery. '541 patent at Abstract, col. 2 ll. 57–62. After Hudson filed suit, Biomet requested, and the Patent and Trademark Office ("PTO") initiated, the *inter partes* reexamination that is the subject of this appeal.[1] The examiner rejected all of the claims in the first Office Action of the reexamination. Of relevance to this appeal, Hudson responded to the examiner's rejection by amending the independent claims from which the Amended Claims depend and rewriting the Unamended Claims from dependent into independent form. J.A. 2810–51; *see* J.A. 60; Appellee's Br. 45–46. The examiner again rejected all of the claims, closed prosecution, and issued a Right of Appeal Notice. Hudson appealed the examiner's rejections to the Board, which reversed the rejections of the Unamended Claims but

---

[1] The district court action remains stayed pending the resolution of the reexamination. *See* Order at 1, *Hudson Surgical Design, Inc. v. Biomet Orthopedics, LLC*, No. 3:10-cv-465 (N.D. Ind. Dec. 8, 2010), ECF No. 47.

upheld the rejections of the Amended Claims. Both Hudson and Biomet requested rehearing. The Board denied Biomet's request and granted Hudson's request. The Board amended its original decision to also reverse the examiner's rejections of the Amended Claims. Biomet appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

This case presents an unusual procedural issue. As both parties agree, the '541 patent expired on December 24, 2015—after the Board's decision but before our own. This event presents a problem for the Amended Claims because the PTO does not enter amendments made in *inter partes* reexamination after the expiration of the patent. 37 C.F.R. § 1.530(j) ("no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent"). Amendments are not effective until the certificate issues, even though reexamination Office Actions treat the proposed amendments as though they have been entered. *Id.* § 1.530(k). Thus, the Amended Claims cannot issue. We therefore vacate the Board's decision with respect to the Amended Claims and remand for the PTO to take whatever action it deems appropriate. Hudson suggested that this court could review the examiner's rejection of the original form of the Amended Claims and order their allowance. We cannot, and would not, usurp the power of the Agency to review these claims in the first instance. As for the original form of the Amended Claims, we note that the last action on those claims was a rejection by the examiner. Rather than appeal that rejection to the Board, Hudson amended the claims and appealed the examiner's subsequent rejection of the Amended Claims. Thus, the Board has not even considered the original form of the Amended Claims. We remand to the Board to determine the appropriate action in this unusual set of circumstances.

4        BIOMET ORTHOPEDICS, LLC v. PUGET BIOVENTURES, LLC

We next turn to the Unamended Claims. As counsel for Hudson acknowledged during oral argument, the Board construed the Unamended Claims to require using a single cutting guide placed on one side of a bone to cut all the way across the bone without requiring a second cut from the other side (although some free-hand grinding or polishing to smooth any rough spots may be permissible). Oral Argument at 37:43–39:34, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 15-1468.mp3; J.A. 26. Both parties agree that because we are dealing with an expired patent, the *Phillips* standard rather than broadest reasonable construction applies. We see no reversible error in the Board's construction. We have considered Biomet's remaining arguments as to these claims and find them to be without merit. We thus affirm the Board's decision with respect to these claims.

## CONCLUSION

For the foregoing reasons, the judgment of the Board with respect to the Amended Claims is *vacated* and *remanded*. The judgment of the Board with respect to the Unamended Claims is *affirmed*.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

### COSTS

No Costs.